UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITHIA REAL ESTATE, INC., an Oregon corporation, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AIRPORT ROAD DEVELOPMENT, LLC, a California limited liability company, et al.,<br><br>    Defendants.<br>_____/ | No. 2:11-cv-00534-MCE-GGH<br><br>ORDER CONTINUING TRIAL |

Due to the reassignment of this action, the following changes have been made to the Pretrial Scheduling Order.

I.   TRIAL SETTING

The April 24, 2012 bench trial is vacated and continued to **May 28, 2013**, at **9:00 a.m.** in Courtroom 7.  The parties estimate a trial length of **five (5) days**.

II.  TRIAL BRIEFS

The parties shall file trial briefs not later than **March 21, 2013**.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

///

1

1      III. <u>FINAL PRETRIAL CONFERENCE</u>

2      The February 24, 2012 Final Pretrial Conference is vacated
3 and continued to **April 4, 2013**, at **2:00 p.m.** in Courtroom 7. At
4 least one of the attorneys who will conduct the trial for each of
5 the parties shall attend the Final Pretrial Conference. If by
6 reason of illness or other unavoidable circumstance a trial
7 attorney is unable to attend, the attorney who attends in place
8 of the trial attorney shall have equal familiarity with the case
9 and equal authorization to make commitments on behalf of the
10 client.

11      Counsel for all parties are to be fully prepared for trial
12 at the time of the Final Pretrial Conference, with no matters
13 remaining to be accomplished except production of witnesses for
14 oral testimony.

15      The parties shall file, not later than **March 14, 2013**, a
16 Joint Final Pretrial Conference Statement. The provisions of
17 Local Rules 281 shall apply with respect to the matters to be
18 included in the Joint Final Pretrial Conference Statement. In
19 addition to those subjects listed in Local Rule 281(b), the
20 parties are to provide the Court with a plain, concise statement
21 that identifies every non-discovery motion tendered to the Court
22 and its resolution. Failure to comply with Local Rule 281, as
23 modified by this Pretrial Scheduling Order, may be grounds for
24 sanctions.
25 ///
26 ///
27 ///
28 ///

1  At the time of filing the Joint Final Pretrial Conference
2 Statement, counsel shall also electronically mail to the Court in
3 digital format compatible with Microsoft Word or WordPerfect, the
4 Joint Final Pretrial Conference Statement in its entirety
5 including the witness and exhibit lists.  **These documents shall**
6 **be sent to: mceorders@caed.uscourts.gov.**
7  The parties should identify first the core undisputed facts
8 relevant to all claims.  The parties should then, in a concise
9 manner, identify those undisputed core facts that are relevant to
10 each claim.  The disputed facts should be identified in the same
11 manner.  Where the parties are unable to agree as to what
12 disputed facts are properly before the Court for trial, they
13 should nevertheless list all disputed facts asserted by each
14 party.  Each disputed fact or undisputed fact should be
15 separately numbered or lettered.
16  Each party shall identify and concisely list each disputed
17 evidentiary issue which will be the subject of a motion in
18 limine.
19  Each party shall identify the points of law which concisely
20 describe the legal issues of the trial which will be discussed in
21 the parties' respective trial briefs.  Points of law should
22 reflect issues derived from the core undisputed and disputed
23 facts.  Parties shall not include argument or authorities with
24 any point of law.
25 ///
26 ///
27 ///
28 ///

3

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiffs' exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

4

1    The Final Pretrial Order will contain a stringent standard
2 for the offering at trial of witnesses and exhibits not listed in
3 the Final Pretrial Order, and the parties are cautioned that the
4 standard will be strictly applied.  On the other hand, the
5 listing of exhibits or witnesses that a party does not intend to
6 offer will be viewed as an abuse of the court's processes.
7    The parties also are reminded that pursuant to Rule 16 of
8 the Federal Rules of Civil Procedure it will be their duty at the
9 Final Pretrial Conference to aid the Court in: (a) the
10 formulation and simplification of issues and the elimination of
11 frivolous claims or defenses; (b) the settling of facts that
12 should properly be admitted; and (c) the avoidance of unnecessary
13 proof and cumulative evidence.  Counsel must cooperatively
14 prepare the Joint Final Pretrial Conference Statement and
15 participate in good faith at the Final Pretrial Conference with
16 these aims in mind.  A failure to do so may result in the
17 imposition of sanctions which may include monetary sanctions,
18 orders precluding proof, elimination of claims or defenses, or
19 such other sanctions as the Court deems appropriate.
20    IV.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS
21    Any evidentiary or procedural motions are to be filed by
22 **March 14, 2013**.  Oppositions must be filed by **March 21, 2013** and
23 any reply must be filed by **March 28, 2013**.  The motions will be
24 heard by the Court at the same time as the Final Pretrial
25 Conference.
26 ///
27 ///
28 ///

5

## V.  SETTLEMENT CONFERENCE

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request.  In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case.  In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing.  The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case.

///

///

1  Absent the parties' affirmatively requesting that the assigned
2  Judge or Magistrate Judge participate in the settlement
3  conference AND waiver, pursuant to Local Rule 270(b), a
4  settlement judge will be randomly assigned to the case.
5       VI.   VOLUNTARY DISPUTE RESOLUTION PROGRAM
6       Pursuant to Local Rule 271 parties will need to lodge a
7  stipulation and proposed order requesting referral to the
8  Voluntary Dispute Resolution Program.
9       VII.  MODIFICATION OF PRETRIAL SCHEDULING ORDER
10      The parties are reminded that pursuant to Rule 16(b) of the
11 Federal Rules of Civil Procedure, the Pretrial Scheduling Order
12 shall not be modified except by leave of court upon a showing of
13 **good cause**.  Agreement by the parties pursuant to stipulation
14 alone to modify the Pretrial Scheduling Order does not constitute
15 good cause. Except in extraordinary circumstances, unavailability
16 of witnesses or counsel will not constitute good cause.
17      VIII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER
18      All other due dates set forth in the Court's Pretrial
19 Scheduling Order are confirmed.
20      This Pretrial Scheduling Order will become final without
21 further order of the Court unless objections are filed within
22 seven (7) court days of service of this Order.
23      IT IS SO ORDERED.
24  Dated: October 17, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE